IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 05-CV-00403-EWN-MJW**

JAMES C. FRAZIER,

Petitioner,

v.

R. WILEY (Warden)

Respondent.

---

## RECOMMENDATION FOR DISMISSAL

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

### Introduction

This case is before this court pursuant to a General Order of Reference to United

States Magistrate Judge (Including Dispositive Motions) issued by District Judge

Edward W. Nottingham on April 19, 2005 (Docket No. 10).

The pro se incarcerated petitioner, James C. Frazier, filed an Application for a

Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody

(hereinafter "the Petition") on March 3, 2005 (Docket No. 3).  The Respondents timely

filed an Answer to Order to Show Cause (Docket No. 14).  Petitioner did not file a

response. The court now being fully informed makes the following findings, conclusions,

and recommendation.

### Background

Petitioner is presently a federal inmate incarcerated at USP-Florence.  He is

serving a 151 month sentence for bank robbery, in violation of 18 U.S.C. § 2113(a).

Petitioner's projected release date is January 9, 2011.

In his Petition, the Petitioner claims that the Bureau of Prisons' ("BOP") policy of

granting 54 days of good time credit for each year of time actually served, rather than

for each year of the sentence imposed, violates 18 U.S.C. § 3624 (b). (See Petn. at 4).

He requests that the BOP be ordered to recalculate his good time credit.  Petitioner

claims that over the length of his 151 month sentence, proper recalculation of good time

credit would give him 680 days of credit. Id. at 5.  Petitioner argues that the BOP's

policy reduces the amount of credits he is able to earn and, as a result, increase the

time he will spend in prison serving his sentence.

However, the Respondent challenges the Petitioner's claim on its merits,

contending that the statutory phrase "term of imprisonment" as used in 18 U.S.C. §

3624 (b) is ambiguous and the BOP's interpretation is therefore entitled to deference

under Chevron v. Natural Resources Defense Counsel, 467 U.S. 837 (1984).

Respondent noted that the Petitioner's position has previously been rejected by the

judges of this court,[1] and Respondents argue that Petitioner's claim should be rejected

as well.

### Discussion

Petitioner contends that under 18 U.S.C. § 3624 (b), he is entitled to earn 54

days of good time credits per year of the sentence imposed.  BOP, however, awards

---

[1] See Haslam v. Rios, Civil Action No. 04-F-1274 (D.Colo.2004); Brown v. Rios, Civil Action No. 04-D-1560 (D.Colo.2004); Bryant v. Rios, Civil Action No. 04-N-1982 (D.Colo.2005).

good time credits based on the amount of time actually served by each inmate, rather

than on the basis of the total term of imprisonment imposed.  Under the BOP's method

of computation, Petitioner receives fewer good time credits, and as a result, spends

more time in prison.  (See Petn. at 2-3).

Good conduct credit for federal prisoners is governed by 18 U.S.C. § 3624 (b),

which provides in pertinent part:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment
> of more than 1 [footnote omitted] year other than a term of imprisonment
> for the duration of the prisoner's life, may receive credit toward the service
> of the prisoner's sentence, beyond the time served, of up to 54 days at the
> end of each year of the prisoner's term of imprisonment, beginning at the
> end of the first year of the term, subject to determination by the [BOP]
> that, during that year, the prisoner has displayed exemplary compliance
> with institutional disciplinary regulations.  Subject to paragraph (2), of the
> [BOP] determines that, during that year, the prisoner has not satisfactorily
> complied with such institutional regulations, the prisoner shall receive no
> such credit toward service of the prisoner's sentence or shall receive such
> lesser credit as the [BOP] determines to be appropriate...Subject to
> paragraph (2), credit for the last year or portion of a year of the term of
> imprisonment shall be prorated and credited within the last six weeks of
> the sentence.

18 U.S.C. § 3624 (b)(1).

Subsection (b)(2) further provides that "[the] credit awarded under this [section]

...shall vest on the date the prisoner is released from custody." 18 U.S.C. § 3624 (b)(2).

The parties construe § 3624 (b) differently, which forms the basis of the instant

Application.  In his Application in support thereof, Petitioner contends that by using the

phrase "term of imprisonment" in § 3624 (b), Congress intended to allot 54 days of good

conduct time ("GCT") for each year of the prisoner's sentence, not merely for time

served.  Petitioner therefore claims that his total GCT should be calculated by

multiplying his total sentence by 54, the total number of days awarded under the

statute.  He claims that the BOP's policy 5880.28 provides that the maximum allowable

GCT that be awarded is approximately 47 days, rather than the 54 days to which he is

entitled.

The BOP calculates Petitioner's GCT differently.  BOP's calculation of GCT is

based on the Congressional mandate in § 3624 (b), which states that a prisoner who is

serving a term of more than a year may receive credit toward his sentence beyond the

time served of up to 54 days "at the end of each year" of the first year of the term. 18

U.S.C. § 3624 (b).  The BOP's implementing regulation at issue here provides inmates

54 days credit *for each year served*, prorated if the time served is less than a full year.

See 28 C.F.R.  § 523.20.  BOP Program Statement 5880.28 details how the BOP

applies good time credit to calculate a prisoner's release date.

Petitioner argues that the BOP's method of awarding GCT is contrary to the clear

and unambiguous intent of Congress which, he contends, requires 54 days of GCT

calculation based on the sentence imposed.  As a result of the agency's interpretation

of the statute, Petitioner contends that an inmate who receives a sentence of one year

and one day, or more, can earn up to only 47 days of GCT rather than 54 days.

Petitioner requests that this court order the BOP to recalculate his sentence, and grant

him 54 days GCT for each year sentence, rather than time served.

Where, as here, a litigant challenges an agency's interpretation of a statute, the

analysis must begin with the Supreme Court's decision in Chevron U.S.A. Inc. v.

Natural Resources Defense Counsil, Inc. 467 U.S. 837 (1984).  Under Chevron, the

court must first determine whether the phrase "term of imprisonment" is ambiguous in the statute.  If ambiguous, the court must then determine if the agency's interpretation is reasonable.  Chevron, 467 U.S. at 843.  The Tenth Circuit has not addressed this issue.

Petitioner asserts that by using the phrase "term of imprisonment" the statute is unambiguous.  His position is based almost entirely on a decision of the Wisconsin District Court in White.  The White decision, however, was recently reversed.  The Seventh Circuit held that the statute was ambiguous, and that the BOP's interpretation was reasonable.  White v. Scibana, 390 F.3d 997 (7th Cir. 2004).  Similarly, the Ninth Circuit has held that § 3624 (b)(1) is ambiguous when applied to the calculation of GCT, and that the BOP's interpretation of the statutory provision was reasonable.  See Pacheco-Camacho v. Hood, 272 F.3d 1266, 1271 (9th Cir. 2001).  The First Circuit reached the same conclusion.  See Perez-Olivio v. Chavez, 394 F.3d 45, 53 (1st Cir. 2005).  Under unpublished decisions, other Circuits are in line with the First, Seventh, and Ninth Circuits.  See Brown v. Hemingway, 2002 WL 31845147 (6th Cir. 2002); Williams v. Lamanna, 2001 WL 1136069 (6th Cir. 2001); James v. Outlaw, 2005 WL 677769 (8th Cir. Mar. 24, 2005); Sample v. Morrison, 2005 WL 648291 (5th Cir. Mar. 22, 2005); Brown v. Hemingway, 2002 WL 31845147 (6th Cir. Dec.16, 2002); Hidais v. Bureau of Prisons, 2005 WL 236509 (S.D.N.Y. Feb. 1, 2005); Whitefield v. Hollingsworth, 2004 WL 3049763, * 3 (D. Minn. 2004)(slip opinion); Sash v. Zenk, 344 F.Supp.2d 376, 383-84 (E.D.N.Y. 2004).  However, on December 29, 2004, the U.S. District Court for the District of Maryland rejected the stance of the Sixth, Seventh and

Ninth Circuits.  That court determined that § 3624 (b) is not ambiguous and that good

time credits are awarded based on the sentence imposed.  See Williams v. Dewalt,

2004 WL 3022300 (D.Md. 2004).

        While this court is not bound by the decision of other circuits and lower courts,

the analysis and conclusions of those courts which have found an ambiguity in

§ 3624(b) and looked to the interpretation of the BOP as reasonable are on-point and

well-reasoned to the issue presented herein.  Further, on at least three occasions,

Judges of the this court have found ambiguity under § 3624 (b)(1) when applied to the

calculation of GCT and that the BOP's interpretation of the provision is reasonable.  See

Haslam v. Rios, Civil Action No. 04-F-1274 (D.Colo.2004); Brown v. Rios, Civil Action

No. 04-D-1560 (D.Colo.2004); Bryant v. Rios, Civil Action No. 04-N-1982

(D.Colo.2005).  Petitioner has presented no authority or argument which would provide

the basis for a different determination in this case.

        The phrase "term of imprisonment" is ambiguous because the language of

§ 3624(b) does not make clear whether the sentence imposed or the time serve should

be the basis of GCT.  See Pacheco-Camacho, 272 F.3d at 1268-1269.  Under the

Petitioner's interpretation, § 3624 would "confer upon the prisoner a bonus during his

last year of imprisonment."  Nothing in the statute suggests that Congress intended

such a result. Id.  Further, logically, Petitioner's interpretation conflicts with the statute's

plain language, which requires the BOP to credit the inmate only at the end of each

year.  18 U.S.C.  § 3624 (b)(1).

        As aptly demonstrated by the rationale of the U.S. District Court for the District of

Minnesota, § 3624 (b)(1) is ambiguous because interpreting "term of imprisonment" to mean "sentence imposed," in light of the "beyond the time served" language noted by the Petitioner, "is inconsistent with the retrospective year-end evaluation and award system § 3624 contemplates." Whitfield, 2004 WL 3049763, at *2.  As found by that court, "it is impossible to make sense of § 3624 while giving the phrase 'term of imprisonment' one meaning." Id. at *3.  Accordingly, since the first prong of analysis under Chevron demonstrates an ambiguity, the court is required to determine if the BOP's calculation of GCT is "based on a permissible construction of the statute." Pacheco-Camacho, 272 F.3d at 1270.

In analyzing the second step of Chevron based upon the perquisite ambiguity which has been found, the court looks to whether Congress explicitly or implicitly "left a gap for the agency to fill." Chevron, 467 U.S. at 843.  If this delegation is implicit, "a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of the agency." Id. at 844.  A reviewing court defers to the agency, if the agency's interpretation of the statute "reflects a plausible construction of the plain language of the statute and does not otherwise conflict with Congress' express intent." Rust v. Sullivan, 500 U.S. 173, 184 (1991).

The statute here does not explicitly vest the BOP with authority to clarify its provisions by regulation, however, the authority is implied by the authority to grant GCT. Pacheco-Camacho, 272 F.3d at 1270.  Thus, the language of § 3624 (b)(1) implicitly charges the BOP with the implementation of prorating.

The BOP's interpretation of the statute affords inmates their full 54 days of GCT,

credited at the end of every year.  However, it does not "award" credit for years not

actually served.  Under the Petitioner's interpretation, he would be eligible to receive

GCT for time he will not serve, contrary to the statutory language that authorizes an

award of good conduct time credits only at the end of each year for which the BOP

determines "the prisoner has displayed exemplary compliance with institutional

disciplinary regulations."  18 U.S.C.  § 3624 (b)(1).  The BOP's interpretation "comports

with the statutory language of section 3624 (b), and does not subvert the statutory

design."  Pacheco-Camacho, 272 F.3d at 1270.  Furthermore, the BOP's interpretation

"establishes an effective and fair prorating scheme, enabling inmates to calculate with

reasonable certainty the end of their imprisonment, which prevent certain prisoners from

receiving disproportionate good time credits."  Id. at 1270-71.

Therefore, any ambiguity of the provisions of § 3624 (b) has been resolved by

the BOP through reasonable interpretation, and this court should accord substantial

deference to the BOP's interpretation of a statute it is entrusted to administer.  See

Chevron, 467 U.S. at 843; Lopez v. Davis, 531 U.S. 230, 242 (2001)(recognizing that

Chevron deference applies to the BOP's interpretation of the statutes it administers). As

a result, Petitioner's claim lacks merit and the Application herein should be denied.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Application for a Writ of Habeas Corpus Pursuant to

28 U.S.C. § 2241, which was filed on March 3, 2005 (Docket No. 3), be **DENIED**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the**

**parties have ten (10) days after service of this recommendation to serve and file**

**written, specific objections to the above recommendation with the District Judge**

**assigned to the case.  The District Judge need not consider frivolous, conclusive,**

**or general objections.  A party's failure to file and serve such written, specific**

**objections waives *de novo* review of the recommendation by the District Judge,**

**Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives**

**appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of</u>**

**<u>Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411,**

**1412-13 (10th Cir. 1996).**

Dated: June 24, 2005                          s/Michael J. Watanabe
      Denver, Colorado                          Michael J. Watanabe
                                         United States Magistrate Judge